UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carl Gaston,                                          Case No. 3:13-cv-01591

        Plaintiff

v.                                                MEMORANDUM OPINION
                                                  AND ORDER

Neil Turner, Warden.

        Defendant

P*ro se* Plaintiff Carl Gaston filed this action under 42 U.S.C. § 1983 against North Central Correctional Complex Warden Neil Turner. In the complaint, Plaintiff claims his guilty plea to charges of aggravated robbery, kidnaping, theft, and failure to comply with an order of a police officer was not entered voluntarily and intelligently. He asks this Court to "issue a binding statement" declaring that his Sixth Amendment rights were violated during plea negotiations, issue a permanent injunction ordering that Plaintiff be relieved from the consequences of his plea, and order that the State of Ohio be barred from retrying him due to double jeopardy constraints.

### BACKGROUND AND HISTORY

On December 26, 2000, Plaintiff robbed a husband and wife operating their tow truck business. *State v. Gaston*, No. 79626, 2002 WL 192093, at *1 (Ohio App. 8 Dist. Feb. 7, 2002). The husband left the tow truck to assist a stranded motorist while the wife remained in the passenger seat of the vehicle. Plaintiff observed the husband's movements and jumped into the driver's side of

the tow truck. He then drove off with the wife still inside the truck. *Id.* He stopped not far from the scene of the theft and demanded that the wife remove all of her jewelry. *Id.* Cleveland police located the vehicle a short time later with the wife and Plaintiff still inside. *Id.* Officers ordered Plaintiff to get out of the car, but instead, he attempted to evade them, first, by fleeing in the truck and then on foot. *Id.* He was apprehended and taken into custody. *Id.*

Plaintiff was indicted by the Cuyahoga County grand jury in Case No. CR-401570 on charges of aggravated robbery, theft of a motor vehicle, kidnaping, and failure to comply with an order of a police officer. The case was called to trial on March 19, 2001. (ECF No. 1). After a jury was selected, Plaintiff entered into a plea agreement where he agreed to plead guilty to all charges in the indictment without amendment. (ECF No. 1) In exchange, Plaintiff believed he would be sentenced to six years in prison. (ECF No. 1). At his sentencing hearing on April 11, 2001, however, Plaintiff was sentenced to ten years for aggravated robbery, ten years for kidnaping, eighteen months for theft, and five years for failure to comply. (ECF No. 1). The theft charge merged with the aggravated robbery charge. All other sentences were to run consecutive to each other for a total aggregate sentence of twenty-five years. (ECF No. 1).

Plaintiff filed a timely appeal and raised four assignments of error challenging his maximum and consecutive sentences. *Id.* The Eighth District Court of Appeals affirmed his conviction and sentence on February 19, 2002. He appealed that decision to the Supreme Court of Ohio which declined to accept jurisdiction. *Id.*

Plaintiff attempted to withdraw his guilty plea by motion to the trial court on September 13, 2002, claiming his lawyer unfairly coerced him into entering into the plea. *Id.* (ECF No. 6-17). The trial court denied the motion on February 24, 2003. He appealed that decision to the Eighth District Court of Appeals claiming among other grounds that his plea was not voluntary and intelligent. The Court denied one ground and determined the other three grounds should have been asserted on

2

direct appeal. He attempted to reopen his direct appeal, but the Court of Appeals denied his request. Plaintiff filed a delayed post-conviction petition and that was also denied.

Thereafter, Plaintiff filed his first petition for a writ of habeas corpus to challenge this conviction on June 22, 2011. *See Gaston v. Sheldon*, No. 1:11 CV 1287 (N.D. Ohio July 3, 2012)(Adams, J.). On the report and recommendation of United States Magistrate Judge Vernelis K. Armstrong, the Court denied the petition on the merits and dismissed the action. Plaintiff appealed that decision to the United States Sixth Circuit Court of Appeals. The Court of Appeals denied Plaintiff's application for a certificate of appealability on June 6, 2013.

Plaintiff filed a second habeas petition challenging this conviction on July 23, 2013. *See Gaston v. Turner*, No 1:13 CV 1589 (N.D. Ohio Aug. 27, 2013)(Oliver, J.). Because the Court deemed the petition to be successive, the action was transferred to the Sixth Circuit Court of Appeals to seek permission to file a second or successive petition on August 27, 2013. The Sixth Circuit has not yet ruled on the motion.

**PLAINTIFF'S CAUSES OF ACTION**

Plaintiff has now filed a civil rights complaint under 42 U.S.C. § 1983 to challenge his guilty plea and his conviction. He asserts five grounds for relief in his complaint. First, he claims the trial court participated in the plea negotiations making his plea involuntary. Second, he asserts the trial court did not review statutory criteria for the crime of failure to comply before sentencing him, thereby denying him due process. Third, the trial court erred in finding the robbery count to be the worst form of the offense. Fourth, the trial court erred by not merging the aggravated robbery count with the kidnaping count, thereby subjecting him to double jeopardy. Finally, Plaintiff asserts that the trial court did not meet the statutory requirements for maximum sentences under Ohio law.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### ANALYSIS

Plaintiff cannot challenge his conviction or sentence in a civil rights action. His sole remedy to raise these kinds of claims is habeas corpus. Although his petition for a writ of habeas corpus was denied, he cannot seek relief from his plea or his sentence by filing a civil rights complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A civil rights action is not an

alternative to a habeas petition. In fact, Plaintiff can only bring a civil rights action to assert claims that question the validity of his conviction or sentence if his conviction or sentence has already been set aside by the state court or a federal habeas corpus decision. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies regardless of whether Plaintiff seeks monetary, injunctive or declaratory relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Because Plaintiff's conviction and sentence were affirmed by the state courts and his habeas petition challenging that conviction was denied, he cannot proceed with this civil rights action to challenge his guilty plea or his sentence.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.[1]

So Ordered.

s/Jeffrey J. Helmick
United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.